IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| MISSISSIPPI GULF COAST YOUNG MEN'S CHRISTIAN ASSOCIATION, INC. § § § | | PLAINTIFF |
| § | | |
| V. § | 1:05MC322LG-RHW | |
| § | | |
| UNITED STATES OF AMERICA, INTERNAL REVENUE SERVICE, AND REGINA DIMITRY, IRS SPECIAL AGENT § § § § | | DEFENDANTS |

**MEMORANDUM OPINION AND ORDER GRANTING
DEFENDANTS' MOTION TO DISMISS**

BEFORE THIS COURT is the Motion of the Defendants, the United States of America, Internal Revenue Service, and Regina Dimitry, to Dismiss [2], filed in the above-captioned cause on October 21, 2005, pursuant to FED. R. CIV. P. 12(b)(1). The Plaintiff filed a Response on December 5, 2005, and Defendants filed a reply on December 14, 2005. For the reasons set forth below, the Defendants' Motion to Dismiss should be granted.

FACTS AND PROCEDURAL HISTORY

On June 30, 2005, the Plaintiff, Mississippi Gulf Coast Young Men's Christian Association, Inc., filed a Petition to Quash Internal Revenue Service Summons and for Injunction Against Internal Revenue Service Enforcement. The summons was issued to the Mississippi Gulf Coast YMCA as part of an investigation regarding the federal tax liability of Isaac David Harris, who is employed by the Mississippi Gulf Coast YMCA. The YMCA seeks to quash the summons based upon its contention that although Isaac David Harris is employed by the YMCA as Executive Director, the YMCA is "an unrelated third-party to the criminal investigation and/or actions applicable to Isaac David Harris, and the documents and

things requested under the Summons are not in the direct ownership or control of Isaac David Harris." (Pl.'s Pet., ¶ 6., filed June 30, 2005.)  In addition, the YMCA contends that the summons is overly broad and burdensome, and outside the scope of the criminal investigation of Harris.  Moreover, the YMCA contends that the summons was not an attested copy.  Lastly, the YMCA contends that the summons should be quashed because the YMCA is not under investigation.

On October 21, 2005, the Defendants filed a motion to dismiss the petition based upon the Court's lack of subject matter jurisdiction.  According to the Defendants, the only properly named defendant is the United States of America.  The Defendants further contend that "[a]s sovereign, the United States of America is immune from suit except where it has explicitly consented to be sued." (Defs.' Br. in Supp. of Mot. to Dismiss, p. 2, filed Oct. 21, 2005.)  The Internal Revenue Code includes a limited waiver of immunity regarding petitions to quash a summons.  The Defendants argue that the YMCA's petition does not come within this limited waiver of immunity, and therefore, this Court lacks subject matter jurisdiction.

## DISCUSSION

STANDARD FOR MOTION TO DISMISS PURSUANT TO RULE 12(B)(1):

"FED. R. CIV. P. 12(b)(1) authorizes the dismissal of a case for lack of subject matter jurisdiction when the district court lacks the statutory and constitutional power to adjudicate the case." *Peoples Nat'l Bank v. Office of the Comptroller of the Currency of U.S.*, 227 F. Supp.2d 645, 648 (E.D. Tex. 2002), *citing Home Builders Ass'n of Miss., Inc. v. City of Madison,* 143 F.3d 1006, 1010 (5th Cir.1998).  "A motion under 12(b)(1) should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim

that would entitle him to relief." *Home Builders*, 143 F.3d at 1010.  To determine whether a motion to dismiss should be granted, the Court "must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff." *Pace v. Suntech, Inc.*, 900 F. Supp. 20, 23 (S.D. Miss. 1995), *citing McCartney v. First City Bank*, 970 F.2d 45, 47 (5th Cir.1992).  "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Jefferson*, 106 F.3d at 1250, *citing Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993); *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994).

ARE THE DEFENDANTS ENTITLED TO A DISMISSAL?

As noted above, the Defendants contend that the United States of America is the properly named defendant.  The YMCA disagrees, contending that the IRS is a proper party because the IRS issued the summons at issue in this case.  The relief that the YMCA seeks against the IRS and the IRS agent "is actually relief sought against the United States." *Deleeuw v. I.R.S.*, 681 F.Supp. 402, 404 (E.D. Mich. 1987); *see also Barmes v. U.S.*, 199 F.3d 386, 388 (7th Cir. 1999) (holding that action to quash IRS summons is action against United States).  For this reason, the United States is the proper defendant.  *Deleeuw*, 681 F.Supp. at 403.

The United States enjoys sovereign immunity from suit unless it expressly waives its immunity by consenting to being sued.  When such consent exists, "the terms of its consent define the federal courts' jurisdiction to entertain suits against it." *Metropolitan Life Ins. Co. v. Atkins*, 225 F.3d 510, 512 (5th Cir. 2000) (citation omitted).  "The United States has consented to suit on Internal Revenue Service summonses only as provided within the bounds of 26

U.S.C. § 7609(b)(2), which gives the right to sue to quash an IRS summons to 'any person who is entitled to notice of a summons under subsection (a).'" *Stratton v. U.S.*, 34 F.Supp.2d 1096, 1097 (N.D.Ind. 1998), *quoting* 26 U.S.C. § 7609(b)(2)(A).  Section 7609(a) provides that notice must be given to "any person (other than the person summoned) who is identified in the summons."  26 U.S.C. § 7609(a).  In this case, Isaac David Harris, the taxpayer under investigation, is the person identified in the summons.  The YMCA is the person summoned, and as such, is not entitled to notice.  Because the YMCA is not entitled to notice, it may not move to quash the summons.  26 U.S.C. § 7609(b)(2).  The waiver of sovereign immunity provided in 26 U.S.C. § 7609(b)(2) does not apply, and therefore, this Court lacks subject matter jurisdiction.  For this reason, the Defendants' motion to dismiss must be granted.

**IT IS THEREFORE ORDERED AND ADJUDGED,** that for the reasons cited above, the Motion of the Defendants, the United States of America, Internal Revenue Service, and Regina Dimitry, to Dismiss [2] should be and is hereby **GRANTED**.  The Plaintiff's petition is hereby **DISMISSED without prejudice.**

**SO ORDERED AND ADJUDGED** this the 22nd day of May, 2006.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE